**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Farhad Navaie, | No. CV-25-03002-PHX-MTL (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| David R Rivas, et al., | |
| Respondents. | |

In the Court's November 19, 2025 Order to Show Cause ("OSC"), the Court directed Respondents to show cause why Petitioner should not be released from custody under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In its OSC, the Court determined Petitioner met his initial burden to "provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Thus, the "government must respond with evidence to rebut" it. *Id.* In their initial response to the Petition, Respondents indicated ICE has "started the process of preparing a travel document request by obtaining a copy of the original removal order"; "submitted a travel document request packet to the Detention and Deportation Officer (DDO) assigned to Iranian cases within ERO Headquarters, Removal and International Operations (RIO) for review"; and "inquired with RIO as to the status of the Petitioner's travel documents." (Doc. 13 at 7.) Thereafter, on September 10, 2025, ICE sent another inquiry as to the status of the Petitioner's travel documents. (*Id.*) The Court indicated "[i]f the Government has not received a positive response to its most

recent inquiry, the Court is inclined to find there is no significant likelihood of removal in the reasonably foreseeable future and must order Petitioner's release." (Doc. 27 at 3.)

Respondents' supplemental response indicated Petitioner underwent two interviews with representatives from the Iranian Interests Section of the Pakistani Embassy because "they needed additional documentation from the Petitioner's parent or self." (Doc. 28-1, Ex. A, Perez Decl. ¶¶ 5-6.) Respondents conclude "[t]hese interviews are a necessary step in obtaining a travel document from Iran. ERO is pending further response from Iran on the travel document request." (Doc. 28 at 3 (citations omitted).) But in his supplemental declaration, Petitioner explains "[t]he Iranian Interests Section told me that they would not issue travel documents because I cannot produce my original Iranian birth certificate and passport." (Doc. 29-1, Navaie Decl. ¶¶ 13-14.) Respondents introduce no evidence regarding their ability to satisfy the Iranian Interests Section such that they will agree to produce travel document for Petitioner. Respondents have therefore not met their burden that Petitioner's removal is significantly likely to occur in the reasonably foreseeable future. *See Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (government failed to rebut showing removal is not reasonably foreseeable when they have not shown "that any travel documents are in hand, nor have they provided any evidence, or even assurances from the Liberian government, that travel documents will be issued in a matter of days or weeks or even months.") The Petition must be granted.

**IT IS THEREFORE ORDERED** Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to the First Ground for Relief. The Petition is otherwise denied as moot.

**IT IS FURTHER ORDERED** Petitioner must be released from immigration custody immediately.

**IT IS FURTHER ORDERED** Respondents must file a notice of compliance confirming Petitioner's release no later than 4:00 p.m. on December 3, 2025.

. . . .

. . . .

. . . .

Case 2:25-cv-03002-MTL--MTM   Document 30   Filed 11/26/25   Page 3 of 3

**IT IS FURTHER ORDERED** all remaining pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 26th day of November, 2025.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge

- 3 -